

NUMBER 13-06-405-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

---

**JOE GUADALUPE BALLESTEROS,**            **Appellant,**

**v.**

**NUECES COUNTY, TEXAS**            **Appellee.**

---

**On appeal from the 347th District Court
of Nueces County, Texas.**

---

# DISSENTING OPINION ON REHEARING

**Before Justices Yañez, Benavides and Vela
Dissenting Opinion on Rehearing by Justice Vela**

I agree with the majority's holding on rehearing that section 89.0041 of the Texas Local Government Code is not jurisdictional. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041 (Vernon 2008). However, I disagree that substantial compliance is all that is required under the statute. As such, I would grant the motion for rehearing, but I would affirm the

trial court's order dismissing the case for failure to comply with the statute.

Appellant argues that the trial court erred in granting the County's motion because he either complied with the notice requirements set forth in Texas Local Government Code section 89.0041, or he was not required to comply because the County had actual notice of his claim based on his pursuit of the same claim in a dismissed federal court action. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041.

Section 89.0041 of the Texas Local Government Code, entitled "Notice of Suit Against County," effective September 1, 2005, requires:

    (a)    A person filing suit against a county or against a county official in the official's capacity as a county official **shall** deliver written notice to:
          (1)    the county judge, and
          (2)    the county or district attorney having jurisdiction to defend the county in a civil suit.
    (b)    The written notice **must** be delivered by certified or registered mail by the 30th business day after suit is filed and contain:
          (1)    the style and cause number of the suit;
          (2)    the court in which the suit was filed;
          (3)    the date on which the suit was filed;
          (4)    the name of the person filing suit.
    (c)    If a person does not give notice as required by this section, the court in which the suit is pending **shall dismiss** the suit on motion for dismissal made by the county or the county official. (emphasis added).

TEX. LOC. GOV'T CODE ANN. § 89.0041.

It is undisputed that Ballesteros did not meet the specified requirements of section 89.0041. He filed an original petition against the County in state district court. Ballesteros served the county judge, but he did not timely provide written notice to the county judge or the Nueces County Attorney by certified or registered mail. While he suggests to this Court that he was not required to comply because the federal court remanded the case to state

2

court, the federal court, in fact, did not remand the case, but dismissed it without prejudice. The case before the trial court was a new suit against the County filed after the effective date of section 89.0041. Thus, the issue here narrows to whether substantial compliance is sufficient to maintain the suit.

There is nothing in the language of the local government code that would relieve Ballesteros from compliance and the majority opinion appears to agree with this proposition. The plain language of the code requires a plaintiff to provide notice to certain county officials of specific items within thirty days of filing a civil suit, and it prescribes the means by which notice must be given, either by certified or registered mail. TEX. LOC. GOV'T CODE ANN. § 89.0041. Ballesteros did not specifically comply with the statute because he did not deliver timely written notice to the county judge or the county or district attorney by certified or registered mail. If a statute is clear and unambiguous courts, should afford it its common meaning. *Tex. Dep't. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

Subsections (a) and (b) of the newly-enacted section provide that written notice of specific information is to be given by a specific time to certain named individuals, in a particular manner. TEX. LOC. GOV'T CODE ANN. § 89.0041(a), (b). Subsection (c) provides that the court **shall** dismiss, if the person does not give the required notice pursuant to subsections (a) and (b). TEX. LOC. GOV'T CODE ANN. § 89.0041(c). The word "shall" imposes a duty. TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005). The statute further indicates that notice "must" be given by registered or certified mail. The word "must" creates or recognizes a condition precedent. TEX. GOV'T CODE ANN. § 311.016(3) (Vernon 2005). While certain statutes, such as the Texas Tort Claims Act, suspend notice

3

requirements if the governmental unit has actual notice, section 89.0041 does not contain a similar provision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c) (Vernon 2005). On its face, the statute gives specific directives to the trial court. There is no language in the statute allowing the trial court to utilize its discretion to determine if a party has substantially complied with the statute.

I would hold that the Legislature did not intend to enact a useless statute. *See Armstrong v. Hixon*, 206 S.W.3d 175, 182 (Tex. App.–Corpus Christi 2006, pet. denied). Here, the local government code mandates the dismissal of the case for failure to comply with its terms. If this statute is not interpreted as mandatory, it will have little or no meaning. Section 89.0041 was enacted in addition to those presentment statutes already in effect and must be construed in addition to all other notice and presentment requirements. The equities certainly favor Ballesteros. Both sides had been previously engaged in litigation in this very matter and the County and its officials were aware of his claims. However, I believe the trial court had no choice but to follow the statute. It would be a harsh application in this case and seemingly a trap for the unwary in future cases. However, the statute contains no exceptions, making compliance mandatory. The statute says what it says. If that it is not what was intended, it is for the legislature to change the statute.


Rose Vela
Justice


Dissenting Opinion on Rehearing delivered
and filed this 14th day of May, 2009.

4